UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

WARREN P. DELUTY, DDS,

　　　　　　　　　　　　Debtor,

Chapter 13 Case No.:
14-72621 (REG)

Chapter 13

Adversary Proceeding No.:
14-08242 (REG)

------------------------------------------------------------------ X

KRISTINE SEUBERT,

　　　　　　　　　　　　Plaintiff,

-against-

WARREN P. DELUTY, DDS,

　　　　　　　　　　　　Defendant.

------------------------------------------------------------------ X

## MEMORANDUM DECISION

Before the Court are cross motions for summary judgment in this adversary proceeding for section 1328(a)(4) non-dischargeability. Relying on the doctrine of collateral estoppel, the Plaintiff argues that the debt in the form of a prepetition state court judgment for sexual harassment discrimination under the New York State Human Rights Law (the "NYSHRL"), New York Executive Law § 290 *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), Administrative Code of the City of New York § 8-107 *et seq.*, is, by the very nature of the underlying judgment, non-dischargeable under section 1328(a)(4). The Plaintiff argues that when presented with a state court judgment for sexual harassment discrimination, collateral estoppel should preclude the introduction of evidence on whether the underlying conduct was committed

1

"willfully or maliciously," as is necessary to satisfy section 1328(a)(4). In the alternative, the Plaintiff argues that the state court's factual findings and punitive damages award are sufficient to satisfy section 1328(a)(4)'s "willful or malicious injury" standard.

The Debtor argues that (1) neither the state court's legal findings nor the factual findings are sufficient to satisfy section 1328(a)(4)'s "willful or malicious" standard; (2) collateral estoppel should not apply because the state court judgment was entered on default, which default was caused by ineffective assistance of counsel; and, in the alternative, (3) the Plaintiff was not physically injured so as to satisfy section 1328(a)(4)'s "personal injury" requirement, and, even if Plaintiff was injured, the attorney's fees portion of the state court judgment does not satisfy section 1328(a)(4)'s "personal injury" requirement.

This Court has previously held that it will only apply collateral estoppel in non-dischargeability proceedings if the prior findings clearly and unequivocally satisfy the applicable non-dischargeability standard. The Court finds that this standard has been satisfied in this case and summary judgment in favor of the Plaintiff is appropriate. Although the Court is reluctant to apply a *per se* rule that a sexual harassment discrimination judgment must always be non-dischargeable under section 1328(a)(4), the state court's findings in support of the judgment in this case are sufficiently clear and unequivocal to warrant summary judgment.

For the reasons set forth in this Memorandum Decision, the judgment debt in the amount of $302,154.88 shall be excepted from discharge under section 1328(a)(4).

## FACTS

The Debtor, Warren P. Deluty, D.D.S., is a dentist who employed the Plaintiff, Kristine Seubert, as an assistant for approximately nineteen months, during which time the Debtor sexually harassed her. The Debtor's sexual harassment caused the Plaintiff to quit her job, and the Plaintiff

sued the Debtor. After engaging in substantial discovery, the Debtor defaulted at trial. The state court (1) entered an order of default, which the Debtor unsuccessfully attempted to vacate; and (2) granted the Plaintiff a damages inquest, in which the Debtor participated, at which the Plaintiff testified about the Debtor's sexual harassment (and resulting damages), and at which the Plaintiff's parents and psychologist testified about the Plaintiff's personality changes, anxiety, depression, disorders, and emotional disturbances.

On September 30, 2013, the state court entered a 6-page "short form order" finding the Debtor liable for damages resulting from the Debtor's sexual harassment and discrimination in violation of the NYSHRL and the NYCHRL. Among other findings, the order states:

> The Court determines the [P]laintiff meets the burden of showing the [Debtor] engaged in conduct where he sexually harassed the [P]laintiff by touching her inappropriately over her vehement objections and with the knowledge the [P]laintiff was seeking therapy because the [P]laintiff did not like being touched, and mocking her for not wanting to be touched for approximately nineteen months of her employment.

(State Court Judgment, ECF No. 13–6).

On May 14, 2014, after inquest, the state court entered an amended judgment finding the Debtor liable to the Plaintiff in the amount of $302,154.88 for damages arising out of his conduct. Specifically, the Plaintiff was awarded:

> (a) $1,781.00 for deprived wages, plus 9.00% prejudgment interest accruing from January 1, 2008, up to an including the date of entry of judgment [$981.77];
>
> (b) $1,435.00 for out-of-pocket expenses for psychological treatment, plus 9.00% prejudgment [interest] accruing from October 1, 2008, up to and including the date of entry of judgment [$692.74];
>
> (c) $85,000 for compensation for mental anguish, emotional distress, humiliation and embarrassment, plus 9.00% prejudgment interest accruing from January 1, 2010, up to and including the date of entry of judgment [$31,322.50];
>
> (d) $15,000 for punitive damages;

(e) $150,637.50 for reasonable attorney's fees, plus 9.00% prejudgment interest accruing from May 8, 2013, up to and including the date of entry of judgment [$9,452.50];

(f) $5,151.87 for disbursements;

(g) $700 for costs..."

(State Court Judgment, ECF No. 13–6).

## DISCUSSION

Section 1328(a)(4) excepts from discharge "restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4). The critical issue presented by these cross motions for summary judgement is whether the factual and legal issues determined by the state court to impose liability and punitive damages for sexual harassment discrimination should be given preclusive effect on the issue of section 1328(a)(4)'s "willful or malicious injury" standard such that summary judgment is appropriate.

### I.   Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure states, in pertinent part, that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling upon a summary judgment motion, the Court is to determine whether a genuine issue of fact exists, not to resolve disputed issues of fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When viewing the evidence, the Court must "assess the record in the light most favorable to the non-movant and ... draw all reasonable inferences in [the non-movant's] favor." *Delaware & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 177 (2d Cir. 1990). In a case such as this where there are cross motions for summary judgment, the Court is charged with examining each

motion independently. *Heublein, Inc. v. U.S.*, 996 F.2d 1455, 1461 (2d Cir. 1993) (citing *Schwabenbauer v. Board of Educ. of Olean*, 667 F.2d 305, 313 (2d Cir. 1981)). The Court must also draw all reasonable inferences against the party whose motion is under consideration. *Id.* Where, as in this case, the relevant facts are undisputed, summary judgment may be granted. This is especially true in this case where, even if the Court draws all reasonable inferences against the Plaintiff on its motion, summary judgment in favor of the Plaintiff is warranted.

## II.    Exception to Discharge—11 U.S.C. § 1328(a)(4)

### a. Background

Prior to the 2005 amendments to the Bankruptcy Code, the Chapter 13 "super discharge" was broad enough to permit Chapter 13 debtors to discharge debts arising from a debtor's: "false pretenses, a false representation, or actual fraud" (11 U.S.C. § 523(a)(2)), "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" (11 U.S.C. § 523(a)(4)), and "willful and malicious injury . . . to another entity or to the property of another entity" (11 U.S.C. § 523(a)(6)), as examples. In exchange for repayment of all or a part of their debt, Chapter 13 historically allowed debtors a broader discharge than that allowed by Chapter 7.

In 2005, to restrict Chapter 13's "super discharge," Congress expanded section 1328(a)(2)'s list of non-dischargeable debts to include, *inter alia*, those described in sections 523(a)(2), (a)(3), or (a)(4). *Waag v. Permann (In re Waag)*, 418 B.R. 373, 377 (B.A.P. 9th Cir. 2009). Instead of incorporating section 523(a)(6) into Chapter 13, Congress added section 1328(a)(4), which excepts from discharge debts for "willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." Section 523(a)(6), which excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity," is similar to section 1328(a)(4), but not identical. Section

1328(a)(4) applies: (1) to personal injuries or death, not to injuries to property; and (2) to "willful *or* malicious" injuries, rather than "willful *and* malicious" injuries.

  *b. Personal Injury*

It seems clear that section 1328(a)(4)'s "personal injury to an individual or the death of an individual" language excludes debts arising from injuries to property from the scope of the statute. *See, e.g., Universal Restoration Servs. v. Hartung (In re Hartung)*, No. 12-21920, 2014 WL 201100, at *7 (Bankr. E.D. Wis. Jan. 17, 2014) ("Because the damages in this case are to property and not to person, the plaintiff's arguments in favor of a non-dischargeable judgment based upon a willful and malicious injury are rejected."); *Adams v. Adams (In re Adams)*, 478 B.R. 476, 486 (Bankr. N.D. Ga. 2012); *Textron Fin. Corp. v. Hadley (In re Hadley)*, No. 09-73717, 2011 WL 3664746, at *12 (Bankr. E.D. Va. Aug. 19, 2011) ("Thus, a debt for willful and malicious injury by the debtor to the *property* of another entity *is* dischargeable . . . ."); *Green v. Salvatore (In re Salvatore)*, No. 10-16449, 2011 WL 2115816, at *15 (Bankr. D.N.J. May 26, 2011) ("[W]e have allegations of property damage, but not of personal injury or death. The plaintiff's request must be denied."); *In re Brown*, No. A08-00235, 2008 WL 8652592, at *2 (Bankr. D. Alaska Nov. 17, 2008) ("The debtor's conduct has not resulted in personal injury or death to Ms. King, as required for exception to discharge under [section] 1328(a)(4).").

It is not clear, however, whether section 1328(a)(4): (1) refers solely to personal *bodily* injury; (2) includes *non-physical* injury but not business or financial injuries; or (3) includes all injuries insofar as the injury is treated as a personal injury under non-bankruptcy law. *Toste v. Smedberg (In re Toste)*, No. ADV 12-02333, 2014 WL 3908139, at *3 (B.A.P. 9th Cir. Aug. 12, 2014).

The Court agrees with the thorough analysis of the court in *Adams* and adopts the "middle approach" to defining "personal injury" in the context to section 1328(a)(4). 478 B.R. at 487. That is, it excludes financial injury, but includes non-physical injuries, not just bodily injury. First, Congress did not specifically limit "personal injury" to a subset of injuries to a person, such as personal injuries involving physical injury or trauma. Congress could have used the phrase "personal bodily injury"—as it did in section 522(d)(11)—but it did not. The presumption is that Congress's choice of words was intentional. Second, construing "personal injury" to include non-physical injuries, such as emotional distress and defamation, is consistent with other constructions of "personal injury" in bankruptcy related provisions of the U.S. Code. For example, "personal injury" appears in the context of 28 U.S.C. §§ 157(b)(2)(O) and 157(b)(5), which proscribe jurisdiction over "personal injury tort or wrongful death claims." *Id.* at 476.

The Court rejects the Debtor's argument that attorney's fees, which do not constitute physical injury, are not to be included under section 1328(a)(4). A non-dischargeable debt includes the full amount of the liability associated with the conduct at issue, including "debt arising from" or "debt on account of" that personal injury. *See Cohen v. de la Cruz*, 523 U.S. 213, 220-21, 118 S. Ct. 1212, 1217, 140 L. Ed. 2d 341 (1998). It follows that if the conduct giving rise to a judgment against a debtor satisfies section 1328(a)(4), the plaintiff's attorney's fees award is also non-dischargeable under section 1328(a)(4). *See Gentry v. Kovler (In re Kovler)*, 249 B.R. 238, 262 (Bankr. S.D.N.Y. 2000) ("Although decided on the basis of [s]ection 523(a)(2)(A), *Cohen* compels the conclusion that an award of attorney's fees is non-dischargeable . . . where those fees were incurred as a result of conduct giving rise to the non-dischargeable debt.").

    *c. Willful or Malicious Injury*

Because of the similarity of the statutes, courts use section 523(a)(6) case law to interpret the terms "willful" and "malicious" in section 1328(a)(4). *See, e.g., Adams*, 478 B.R. at 483–89. The Court will, however, note an important distinction. Using section 523(a)(6)'s "willful" and "malicious" definitions, the Plaintiff must show only that the Debtor's actions were willful or malicious, not both.

(1) Willful

The word "willful" specifies "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Merely showing that a debtor committed a conscious act that resulted in an injury is not sufficient. *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. 112, 127 (Bankr. E.D.N.Y. 2013). The act must have been done with the intent to cause injury. *Id.* Reckless or negligent conduct will not satisfy section 1328(a)(4)'s "willful" standard. *Geiger*, 523 U.S. at 60, 118 S. Ct. 974. At a minimum, there must be a "substantial certainty" that the injury will occur. *Margulies v. Hough (In re Margulies)*, 517 B.R. 441, 451 (S.D.N.Y. 2014).

Courts within the Second Circuit have found that if a debtor's act is intentional and injury to another is substantially certain, the debtor's act satisfies section 1328(a)(4)'s "willful" standard. *See, e.g., Stahl v. Gross (In re Gross)*, 288 B.R. 655, 662 (Bankr. E.D.N.Y. 2003) ("An intentional wrongful act that necessarily causes injury meets the willfulness standard under *Geiger*."). While there remains a long-standing split among the Circuits on whether substantial certainty must be judged objectively or subjectively, courts within the Second Circuit judge it subjectively. *Margulies*, 517 B.R. at 453 (listing cases).

(2) Malicious

In the alternative to showing the injury was willful, a plaintiff may show that the injury was malicious, meaning "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Goldberg*, 487 B.R. at 112. Malice is implied when anyone of reasonable intelligence knows the act is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another. *Curtis v. Ferrandina (In re Ferrandina)*, 533 B.R. 11, 26 (Bankr. E.D.N.Y. 2015).

Having thus defined the requirements of a section 1328(a)(4) finding, the Court now analyzes whether either the Plaintiff or the Debtor is entitled to judgment as a matter of law based upon principles of collateral estoppel.

### III.   Collateral Estoppel

Under New York's preclusion doctrine, collateral estoppel bars a party from relitigating in a second proceeding *an issue of fact or law* that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits. *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 491 (2d Cir. 2004). Relevant to non-dischargeability proceedings, this Court previously emphasized:

> When relying on collateral estoppel and a pre-bankruptcy judgment against the debtor as a basis for [non-dischargeability], the bankruptcy court must be able to point to clear and unequivocal factual and/or legal findings in the pre-petition judgment which would satisfy the requisite [non-dischargeability] elements. . . .

*Indo-Med Commodities, Inc. v. Wisell (In re Wisell)*, 494 B.R. 23, 29 (Bankr. E.D.N.Y. 2011).

Therefore, collateral estoppel application requires the Plaintiff to show the Debtor had a full and fair opportunity to litigate the Plaintiff's state court claims, and that the state court's factual and legal findings of sexual harassment discrimination clearly and unequivocally establish a non-dischargeability claim under section 1328(a)(4).

### a. *Full and Fair Opportunity to Litigate*

Because the state court judgment was entered by default, the Debtor argues he did not have a full and fair opportunity to litigate the underlying issues. The Debtor argues that "ineffective assistance of counsel, mainly that the [Debtor's] counsel failed to appear on the trial day," denied the Debtor a full and fair opportunity to litigate. (Debtor's MSJ, ECF No. 15–2.) The Plaintiff argues that the Debtor not only had the opportunity to, and did, contest liability on the state court claims, but he also appeared at and participated in the inquest on damages.

Clear Second Circuit authority belies the Debtor's argument. In *Evans v. Ottimo*, the Second Circuit addressed a substantially similar issue: whether a debtor in a non-dischargeability action is permitted to relitigate liability determined under a prepetition, state court default judgment. 469 F.3d 278 (2d Cir. 2006). In *Evans*, the debtors were properly served with a complaint, failed to respond to that complaint, failed to appear for the inquest, and failed to seek to vacate the state court default judgment. The Second Circuit found it appropriate to apply collateral estoppel under those facts because the debtors were afforded a full and fair opportunity to litigate the underlying issues and because the state court necessarily decided the issues.

In the instant case, the state court found the Debtor liable for violations of the NYSHRL and the NYCHRL and awarded punitive damages. The record demonstrates that the Debtor failed to appear for trial, notwithstanding that he engaged in substantial discovery, vigorously sought to vacate the judgment, and appeared at and participated in the inquest. Further, any ineffective assistance of counsel argument should have been raised in state court; the state court judgment is now final.

Guided by clear Second Circuit precedent, the Court finds that the Debtor had a full and fair opportunity to litigate the Plaintiff's allegations of sexual harassment discrimination. *See Evans*, 469 F.3d at 282.

### b. *Necessary to Support a Valid Final Judgment on the Merits*

Step two of the collateral estoppel analysis requires a finding that the decision on the state court issue was necessary to support a valid and final judgment on the merits. For a question to have been actually litigated it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding. *Evans*, 469 F.3d at 282. In other words, whether the factual and legal issues to be precluded in this section 1328(a)(4) case are the same as those involved in the state court case, and whether the state court findings were necessary to support the state court judgment.

To determine whether an identity of issues exists, the Court must find that (i) the elements of sexual harassment discrimination under the NYSHRL, the NYCHRL, and the punitive damages award are identical to, or subsumed in, section 1328(a)(4)'s standards; or (ii) the state court judgment is predicated on material and necessary factual findings that are sufficient to satisfy section 1328(a)(4)'s "willful or malicious" standards.

(1) State Court Judgment and Findings

In order to establish a *prima facie* discrimination case under the NYSHRL, the plaintiff must demonstrate (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Dixon v. Int'l Fed'n of Accountants*, 416 F. App'x 107, 109 (2d Cir. 2011). Discrimination under the NYSHRL directed at a particular employee is commonly known as a "disparate treatment" claim; specifically, a plaintiff alleges

that he or she has been subjected to discrimination, *individually*. *Simmons-Grant v. Quinn Emanuel Urquhart & Sullivan, LLP*, 915 F. Supp. 2d 498, 505 (S.D.N.Y. 2013). To prevail on a disparate treatment claim, discriminatory intent is required and the plaintiff must demonstrate deliberate discrimination. *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 215, 130 S. Ct. 2191, 2199, 176 L. Ed. 2d 967 (2010). A discrimination claim under the NYSHRL requires a plaintiff to establish willful conduct. *Curtis v. Ferrandina (In re Ferrandina)*, 533 B.R. 11, 27 (Bankr. E.D.N.Y. 2015).

In order to establish a *prima facie* discrimination case under the NYCHRL, a plaintiff must likewise demonstrate that the defendant engaged in willful discriminatory behavior. *Id.* The NYCHRL simplifies the discrimination inquiry: a plaintiff need only show that her employer treated her less well, at least in part, for a discriminatory reason. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). A plaintiff still bears the burden to demonstrate that the offending conduct was motivated by discriminatory intent. *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 258 (E.D.N.Y. 2012) *aff'd*, 713 F.3d 163 (2d Cir. 2013). A plaintiff must "link the adverse employment action to a discriminatory motivation. . . . [otherwise] her claims fail." *Id.*

In order to establish a case for punitive damages, a plaintiff must show that the employer engaged in intentional discrimination with "malice" or "reckless indifference to the law." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 529–30, 119 S. Ct. 2118, 2121, 144 L. Ed. 2d 494 (1999). Here, the state court relied on Title VII to award punitive damages because sexual harassment discrimination claims under the NYSHRL, like all NYSHRL claims, are governed by the same standards as those under Title VII of the Civil Rights Act of 1964. *See Pedrosa v. City of New York*, No. 13 CIV. 01890, 2014 WL 99997, at *6 (S.D.N.Y. Jan. 9, 2014). To award punitive

damages, the state court relied on a case in which the Supreme Court of the United States explained Congress's intent to authorize punitive damages awards in only a *subset* of Title VII cases involving intentional discrimination—*i.e.*, Title VII cases in which the employer acts with "malice or reckless indifference to the federally protected rights of the aggrieved individual." *Kolstad*, 527 U.S. at 526, 119 S. Ct. 2118. "Malice" or "reckless indifference" pertains to the employer's knowledge that it may be violating federal law, not its knowledge that it is engaging in discrimination. *Id.* at 535–36, 119 S. Ct. 2118 ("An employer must *at least* discriminate in the face of a perceived *risk* that its actions will violate federal law." (emphasis added)). For example, an employer, who intentionally discriminates without knowledge of the federal prohibition or who intentionally discriminates with the bona fide belief that such discrimination is lawful under an occupational statutory defense, does not act with "malice" or "reckless indifference." *Id.* at 536–37, 119 S. Ct. 2118. In such circumstances, *i.e.*, in the absence of "a positive element of conscious wrongdoing," compensatory damages, not punitive damages, are available. *Id.* at 535, 119 S. Ct. 2118.

In the instant case, the state court found that the Plaintiff established the requisite elements of an individual disparate treatment claim—*i.e.*, sexual harassment discrimination—and of punitive damages. The Court is bound by the prior state court judgment that the Debtor subjected the Plaintiff to deliberate and intentional discriminatory treatment in violation of the NYSHRL and the NYCHRL. The Court will analyze the elements necessary to establish the NYSHRL and NYCHRL claims and the punitive damages award, and the factual and legal findings made in support of the judgment, and will compare those findings to the requirements of section 1328(a)(4).

A. Willfulness

As previously explained, the word "willful" means "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The Court previously stated that where an employer's deliberate conduct is found to constitute discrimination against an individual employee, it necessarily follows that the employer's intent was to cause injury. *Goldberg*, 487 B.R. at 127. Another court explained that discrimination *per se* constitutes intent to injure because discrimination cannot serve any other purpose. *Bernal v. Benham (In re Benham)*, No. 07-40498, 2008 WL 397668, at *4 (Bankr. D. Mass. Feb. 11, 2008) ("Because the Defendant intended to discriminate and the discrimination itself constituted an injury to the Plaintiff, the . . . judgment establishes that the Defendant's actions were willful."); *see also Basile v. Spagnola (In re Spagnola)*, 473 B.R. 518, 523 (Bankr. S.D.N.Y. 2012) ("This Court believes that exposure to unwelcome sexual conduct, like an advancing of one's prurient interests to the point of harassment, is the injury that a sexual harassment victim suffers and that a judgment finding an individual intentionally caused that injury is enough to meet the prong of willfulness."). *But see Sanger v. Busch (In re Busch)*, 311 B.R. 657, 669 (Bankr. N.D.N.Y. 2004) ("Although sexual harassment under Title VII presupposes intentional conduct in the form of unwelcome sexual conduct, it does not require that the employer intend to injure the plaintiff.").

Although the Court believes that the state court's legal finding of discrimination under the NYSHRL and the NYCHRL is sufficient to satisfy the "willful" standard of section 1328(a)(4), it is not necessary for the Court to rely on such a *per se* rule. As discussed below, the state court's factual findings are sufficient.

In this case the state court determined that the Debtor "engaged in conduct where he sexually harassed the [P]laintiff by touching her inappropriately over her vehement objections and with the knowledge the [P]laintiff was seeking therapy because the [P]laintiff did not like being touched, and mocking her for not wanting to be touched for approximately nineteen months of her employment." (State Court Judgment, ECF No. 13–6). These findings support the judgment for intentional discrimination. There is no indication in the state court findings that the Debtor's actions were anything but intentional, and in the Court's view those intentional acts caused willful personal injury to the Plaintiff.

While the discrimination finding based on the Debtor's willful conduct may have been enough to establish willful injury to the Plaintiff, in this case, the finding of discrimination was coupled with a punitive damages award. At a minimum, to impose punitive damages a defendant's intentional discrimination must be done with malice or reckless indifference to violating federal law. In support of the punitive damages award, the state court found not only that the Debtor acted in the face of a perceived risk that his actions would violate the law, but that the Debtor willfully and "with knowledge" violated the law. The state court found: a "willful violation by [Debtor's] conduct done with knowledge he violated the law of the City of New York." (State Court Judgment, ECF No. 13–6). Thus, the state court's findings in support of punitive damages rise above the minimum "reckless indifference" standard, and bring this case more squarely within the requirements of section 1328(a)(4)'s "willful" standard.

The Court finds that by virtue of willfully (and with knowledge) violating a sexual harassment discrimination law, the Debtor intentionally discriminated and willfully caused injury to the Plaintiff. Surely, one cannot willfully (and with knowledge) violate a law without intentionally committing the law's prohibited act. The Debtor's conduct was deliberate and

intentional and rises above *Geiger*'s reckless–negligence standard. *See McDonough v. Smith (In re Smith)*, 270 B.R. 544, 550 (Bankr. D. Mass. 2001) (rejecting a debtor's reliance on *Geiger*— *i.e.*, that he was a "jealous lover who behaved recklessly causing unwanted injury to the Plaintiff"—to find that the debtor's conduct was deliberate and intentional). The state court's factual findings of the Debtor's "willful violation" and continued touching "with knowledge the [P]laintiff was seeking therapy" are sufficient to show that the Debtor acted with substantial certainty that injury to the Plaintiff would result. Viewed in the light most favorable to the Debtor, these findings manifest the Debtor's intentional discrimination and willful injury to the Plaintiff.

Although a finding of willful personal injury to the Plaintiff alone would satisfy section 1328(a)(4)'s standard, the Court will also analyze the malice standard of the statute.

B. Malice

While courts have found that discriminatory conduct satisfies section 1328(a)(4)'s "malicious" standard, particularly in cases involving sexual harassment, *see, e.g., Jones v. Svreck (In re Jones)*, 300 B.R. 133, 140 (B.A.P. 1st Cir. 2003), and *Spagnola*, 473 B.R. at 524, the Court has acknowledged that most anti-discrimination statutes, such as the NYSHRL and the NYCHRL, do not require direct proof of malice. *Goldberg*, 487 B.R. at 128. There being no requisite or express finding of "malice" (or its equivalent) to hold the Debtor liable for sexual harassment discrimination under the NYSHRL and the NYCHRL, the Court cannot find that the legal elements necessary to support a judgment of sexual harassment discrimination under the NYSHRL and the NYCHRL are identical to the malice standard of section 1328(a)(4).

To some courts, a punitive damages award, alone, suffices for a malice finding. *See, e.g., Bernal v. Benham (In re Benham)*, No. 07–40498, 2008 WL 397668, at *4 (Bankr. D. Mass. Feb. 11, 2008) ("Because the standards for malice and punitive damage awards are similar, a punitive

damage award suffices for a malice finding."); *McDonough v. Smith (In re Smith)*, 270 B.R. 544, 550 (Bankr. D. Mass. 2001) (explaining that a punitive damage award for sexual harassment discrimination demonstrates that the defendant's conduct caused willful and malicious injury to the plaintiff by creating an intimidating and offensive work environment). However, as discussed above, a prerequisite for a punitive damages award is a finding that the Debtor acted with *either* "malice" *or* "reckless indifference." Because punitive damages awards are available in the absence of malice, *i.e.*, in cases where the employer acted with "reckless indifference," the Court finds that a punitive damages award does not *per se* satisfy section 1328(a)(4)'s "malicious" standard.

However, the state court's malice findings are clear: "the [Debtor] engaged in conduct where he sexually harassed the [P]laintiff by touching her inappropriately over her vehement objections with the knowledge the [P]laintiff was seeking therapy because the [P]laintiff did not like being touched, and mocking her for not wanting to be touched for approximately nineteen months of her employment." (State Court Judgment, ECF No. 13–6). This is similar to *Jones*, in which a court, in finding malice, specifically noted that the debtor continued with his harassment, despite the fact the plaintiff asked the debtor to stop touching her and expressed her discomfort. 300 B.R. at 140. As the Court explained in *Goldberg*, it defies rationality and logic to suggest (1) that the Debtor's commission of overt acts that constitute intentional discrimination was objectively benign, and (2) that an *overt* act constituting sexual harassment discrimination aimed at an individual could occur absent a malicious intent to harm. 487 B.R. at 129.

Based on the factual findings of the state court, the Court finds that the Debtor's personal injury to the Plaintiff also satisfies the malicious standard of section 1328(a)(4). The Debtor's acts towards the Plaintiff, as found by the state court, clearly were "wrongful and without just cause or

17

excuse." The findings of the state court also provide the basis for which this Court to find implied malice as anyone of "reasonable intelligence" would know that the Debtor's actions towards the Plaintiff were "contrary to commonly accepted duties in the ordinary relationships among people, and injurious" to the Plaintiff. *In re Ferrandina*, 533 B.R. 11, 26 (Bankr. E.D.N.Y. 2015). The Court's findings are consistent with those of courts giving preclusive effect to discrimination judgments in non-dischargeability proceedings if the judgment is supported by findings that clearly and unequivocally establish non-dischargeability.

Accordingly, the Court finds that the Debtor's conduct and the resulting injury was willful or malicious, as is necessary to satisfy section 1328(a)(4).

## CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of the Plaintiff and denies the Debtor's cross motion. The full amount of the judgment debt – $302,154.88 – shall be excepted from discharge under section 1328(a)(4). A judgment consistent with this Memorandum Decision will issue forthwith.



Dated: Central Islip, New York
October 9, 2015

Robert E. Grossman
United States Bankruptcy Judge